1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE MEJIA,

                                    Plaintiff,

            v.

RYAN ALYSON, et al.,

                                    Defendant.

CASE NO. 2:23-cv-00204-JNW-BAT

**REPORT AND
RECOMMENDATION**

On May 1, 2022, Defendant Washington Department of Corrections ("DOC") filed a

Federal Rule of Civil. Procedure 12(b) motion to dismiss all claims against it. Dkt. 17. Plaintiff

has not responded to the motion, which was noted for June 2, 2023, and the motion is thus ripe

for the Court's review. The Court recommends:

    (1)  DOC's motion, Dkt. 17, be GRANTED.

    (2)  Plaintiff's claims against DOC be DISMISSED with prejudice.

    (3)  The referral made to the magistrate judge in this case NOT be terminated, as this

    recommendation does not regard the other remaining Defendants.

**DISCUSSION**

Plaintiff, a DOC inmate, filed a *pro se* 42 U.S.C. § 1983 complaint against prison medical

providers and staff members, Ryan Alyson. Elke Jackson Alex Costa, Mark Eliason, and against

REPORT AND RECOMMENDATION - 1

the DOC. Dkt. 7. Plaintiff alleges in July 2022, Defendants violated his rights by not prescribing or providing him muscle relaxers, "methecain," and opioids. He requests money damages and Defendants be ordered to provide him with the above drugs.

On a motion to dismiss under Rule 12(b)(6), the Court must assess whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000). *See also*, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir.2004), *citing Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

Here, the claims Plaintiff brings against the DOC fail on their face and should be dismissed. The DOC argues, and the Court agrees the DOC is not a proper party in a § 1983 action. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp*. 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, to the extent plaintiff brings § 1983 claims against the State, such claims are improper because the State of Washington is not a "person" within the meaning of § 1983, *Will v. Michigan Dep't of*

1  *State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not

2  include a State or State agency). Accordingly, the Court recommends plaintiff's claims against

3  Defendant the DOC be dismissed with prejudice.

4  **OBJECTIONS AND APPEAL**

5         This Report and Recommendation is not an appealable order.  Therefore, Plaintiff should

6  not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the

7  assigned District Judge enters a judgment in the case. Objections, however, may be filed and

8  served upon all parties no later than **June 20, 2023.** The Clerk should note the matter for**, June**

9  **23, 2023,** as ready for the District Judge's consideration if no objection is filed.

10        If objections are filed, any response is due within 14 days after being served with the

11  objections.  A party filing an objection must note the matter for the Court's consideration 14

12  days from the date the objection is filed and served. The matter will then be ready for the Court's

13  consideration on the date the response is due. Objections and responses shall not exceed 12

14  pages.  The failure to timely object may affect the right to appeal.

15        DATED this 2nd day of June, 2023.

16

17  _____

18  BRIAN A. TSUCHIDA
    United States Magistrate Judge

19

20

21

22

23

REPORT AND RECOMMENDATION - 3