UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE MEJIA,<br><br>                Plaintiff,<br><br>    v.<br><br>RYAN ALYSON, et al.,<br><br>                Defendant. | CASE NO. 2:23-cv-00204-JNW-BAT<br><br>**ORDER DENYING MOTION TO STAY (DKT. 25) AND RENOTING MOTION FOR SUMMARY JUDGMENT (DKT. 21)** |

On February 13, 2023, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging Defendants violated his Eighth Amendment rights by taking him off his opiate pain medications and certain muscle relaxers in 2022. He asks the Court to order Defendants to provide him these medications and pay him five million dollars. Dkt. 1 and 7. After the complaint was served, the Court issued a pretrial scheduling order on May 1, 2023 directing discovery to be completed by July 31, 2023, and dispositive motions to be filed by August 30, 2023. Dkt. 19.

On July 27, 2023, Defendants filed a motion for summary judgment which was noted for August 25, 2023. Dkt. 21. Defendants contend Plaintiff received short term opiate medication and muscle relaxers following knee replacement surgery and these medications are not appropriate for long term use. Additionally, Plaintiff sues employees of MCC but the prescriptions for these medications expired before his arrival at MCC. *Id.* Since Plaintiff's

ORDER DENYING MOTION TO STAY
(DKT. 25) AND RENOTING MOTION FOR
SUMMARY JUDGMENT (DKT. 21) - 1

arrival at MCC, he has received both medical care for his knee and has been prescribed other medications such as acetaminophen, diclofenac gel, Gabapentin, meloxicam, and duloxetine. Plaintiff's medical providers have not prescribed opiate medications and Defendants thus contend Plaintiff's difference of opinion over the medications he is prescribed is not actionable as an Eighth Amendment violation. *Id.*

On July 28, 2023, Plaintiff filed a Motion to Stay Proceedings for 90 days so he could review and complete discovery. Plaintiff's motion was noted for August 18, 2023, as ready for the Court's consideration. Dkt. 25. On August 14, 2023, Defendants filed a response opposing Plaintiff's motion. Defendants submit they served responses to Plaintiff's interrogatories and requests for product on July 13, 2023, and supplemental responses on August 2, 2023, and thus there is no basis to grant a stay. Defendants contend that as an alternative to a stay, the Court should renote the motion for summary judgement from August 25, 2023, to September 8, 2023. Plaintiff has not filed a reply to Defendants' response.

The Court has considered the pleadings and the records and **ORDERS**:

1. The Court **DENIES** Plaintiff's motion to stay the case for 90 days. Plaintiff initiated this case in February 2023 and the matter has now been pending for 6 months. This is not a case in which Defendants have failed to respond to discovery. This is also not a case that is so complex that additional delay is justified.

2. Although the Court declines to grant Plaintiff's request to stay the case, the Court will renote Defendants' Motion for Summary Judgement, to provide Plaintiff additional time to respond to the summary judgment motion. The Court thus directs the Clerk to **RENOTE** the Motion for Summary Judgment, Dkt. 21, from **August 25, 2023**, to **October 6, 2023**. Any

ORDER DENYING MOTION TO STAY
(DKT. 25) AND RENOTING MOTION FOR
SUMMARY JUDGMENT (DKT. 21) - 2

response to the motion for summary judgment that Plaintiff wishes to file shall be filed not later than **October 2, 2023.**

    3.    The Clerk shall provide copies of this Order to the parties.

DATED this 21st day of August, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge